# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEBBIE FOLLETT,

        Plaintiff,

v.                                             Case No. 10-C-1001

CAROLYN COLVIN,

        Defendant.

## DECISION AND ORDER

Plaintiff, the spouse of the claimant, who is now deceased, filed a motion seeking an order to show cause directing the Commissioner of Social Security to explain why Plaintiff's hearing has not been scheduled, and to order the Commissioner to reassign the case to another administrative law judge. In short, the Plaintiff alleges that despite the fact that this case was remanded in March, 2012, it has still not been scheduled for a hearing. The causes of the delay are alleged to be partly the result of incompetence on the part of ODAR staff, who repeatedly scheduled hearings with the wrong medical experts, and partly the result of a retaliatory or punitive animus on the part of the ALJ, who adjourned the most recent hearing after learning that Plaintiff's counsel had contacted the medical expert in advance. Plaintiff's subsequent correspondence to the ALJ indicates his view that the contact was limited to providing basic information about the claimant's disability allegation and supplying a complete medical record to the expert, a task counsel undertook because he did not believe ODAR staff could be trusted to do the same. (ECF No. 28-2.)

The government makes essentially three arguments in opposition. First, it suggests that

because what's sought is essentially mandamus, such a claim must be brought in an independent action rather than in this case, which is closed. Yet, "[w]hile the common-law writ of mandamus authorizes an independent action at law for mandamus relief, this does not preclude a request for mandamus relief in an action seeking other relief. *United States ex rel. Rahman v. Oncology Associates, P.C.*, 198 F.3d 502, 508 (4th Cir. 1999). A petition for a writ of mandamus may indeed be brought in a distinct case, but that does not mean it is required. Instead, mandamus is commonly bundled along with other claims or requests for relief, and so the request in this action is not improper.

Second, and relatedly, the government argues that because this case is closed and judgment has been entered, this court lacks any jurisdiction to issue further relief. But district courts retain the inherent power to enforce their judgments. As the Supreme Court has observed:

> Without jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Riggs v. Johnson County,* 6 Wall. 166, 187 (1868). In defining that power, we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances.

*Peacock v. Thomas,* 516 U.S. 349, 356 (1996).

By definition, the power to enforce judgments entails the power to enforce them in "closed" cases, because it is the judgment itself that closes the action in the first place. That is, any court enforcing a judgment is always, in some sense, acting in a closed case. Thus, in *Lucille v. City of Chicago* the Seventh Circuit found that the "district court possessed ancillary jurisdiction to interpret and enforce its judgment" four years after the case had closed. 31 F.3d 546, 549 (7th Cir. 1994). Accordingly, the fact that judgment has been entered does not divest the court of jurisdiction

2

to hear arguments seeking to enforce that very judgment.

The government's final argument is that even if this Court considered the merits, mandamus relief would not be appropriate. The government is correct that the relief sought is mandamus relief, i.e., an order "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Supreme Court has emphasized that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616 (1984). In addition, three elements must be met in order for the court to issue a writ: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Burnett v. Bowen,* 830 F.2d 731, 739 (7th Cir. 1987).

Here, Plaintiff's frustration is palpable. Due to a series of snafus and scheduling problems, his case has still not been heard by the ALJ, despite being remanded nearly three years ago. The straw that broke the camel's back is the recent development in which the ALJ apparently took the view that Plaintiff's counsel had done something unethical, and thus cancelled the hearing. The government does not defend that action, and there is no suggestion that a new hearing is forthcoming or in the process of being scheduled.

The Second Circuit has authorized mandamus relief when delays at the agency were less acute than in the present action.

> Section 205(b) of the Social Security Act, 42 U.S.C. s 405(b), instructs the Secretary to make "decisions as to the rights of any individual applying for a payment" of benefits. Thereafter, upon request of a claimant, the Secretary is directed to provide

3

him with "reasonable notice and an opportunity for a hearing" with respect to the decision complained of. We read this as giving the claimant a right to a hearing within a reasonable time and we do not understand the Secretary to dispute this construction. Although what is reasonable depends upon a variety of circumstances, that statutory command should not be ignored. The disability insurance program is designed to alleviate the immediate and often severe hardships that result from a wage-earner's disability. In that context, delays of the better part of a year in merely affording an evidentiary hearing detract seriously from the effectiveness of the program.

*White v. Mathews,* 559 F.2d 852, 858 (2d Cir. 1977).

That court upheld the district court, which had granted mandamus relief on the grounds that the plaintiff had a clear right to a hearing, and the Commissioner had a duty to conduct a hearing within a reasonable time. *White v. Mathews,* 434 F.Supp. 1252, 1258-59 (D. Conn. 1977). "And thirdly, it is the crux of plaintiff's suit that he cannot receive a prompt hearing, a fact, which on its face, the Secretary does not (and indeed could not successfully) dispute. Thus by definition, there is virtually no other adequate remedy available. Nor can it be argued that since the Secretary's duties are to some measure discretionary, mandamus is precluded." *Id.*

Here, the Plaintiff asserts that he has complained to the supervising ALJ and to ALJ Toal himself, but has received no response to his demand for a prompt hearing. The government states that the Plaintiff must "exhaust" his administrative remedies, but it does not explain what more the Plaintiff could possibly do. This is not a case where a claimant has failed to exhaust a claim on the merits through the appeals process; instead, the claimant simply wants the *process* to begin. The government has not identified any intra-agency means of seeking review of a the situation we have here, when the claimant alleges that an ALJ is wrongfully delaying or prohibiting any process from occurring.

This is not a case of commonplace administrative delay. If it were simply a matter of

4

holding the agency to its own guidelines in giving priority to remanded cases, that would be a separate question. Here, instead, the allegation (which remains uncontested) is that the ALJ is deliberately holding up any action due to a quasi-ethical dispute with Plaintiff's attorney. Regardless of the merits of the parties' positions on that question, the claimant is entitled to a timely hearing.

For these reasons, the request for relief (which I construe as mandamus) is **GRANTED**. The Commissioner is ordered to schedule a hearing within 45 days of the date of this decision.[1]

**SO ORDERED** this 22nd day of December, 2014.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

[1] The Plaintiff also asks that the case be assigned to a new ALJ. Assignment of cases is within the purview of the agency, however, and I will not interfere with how the agency makes case assignments.